immediately upon the death of their devisor, but the enjoyment of it was postponed.

The decree, so far as appealed from, should be reversed, with costs to appellant payable from the fund, and the proceeding remitted to the Surrogate's Court of Niagara county to correct its decree in compliance with this opinion. So ordered. All concur.

---

(118 App. Div. 550)

### FRANCE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

CARRIERS—INJURIES TO PASSENGERS—QUESTIONS FOR JURY.

Whether a railway switch moved while a train was passing over it, and, if so, whether such movement resulted from the defective condition of the switch itself, or the appliances for moving it, or from the negligence of the tower man in operating such appliances, *held*, under the evidence, a question for the jury, in an action for injuries to a passenger on such train.

McLennan, P. J., dissenting.

Action by Oswald D. France against the New York Central & Hudson River Railroad Company. Motion for new trial after nonsuit. Ordered to be heard in the first instance at the Appellate Division. New trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Roberts, Becker, Messer & Groat, for plaintiff.
Ira A. Place and Pooley & Spratt, for defendant.

WILLIAMS, J. The exceptions taken by plaintiff should be sustained, and the motion for a new trial granted, with costs to plaintiff to abide event. The action is to recover damages for injuries to plaintiff, alleged to have resulted from defendant's negligence. The nonsuit was granted for failure to make a case for the jury as to the defendant's negligence. Only this question need be considered here. No other question is raised by counsel.

The plaintiff was a conductor on the Lehigh Valley Railroad, and on the occasion of the accident was upon a train running between Suspension Bridge and Buffalo. Between the bridge and Tonawanda the Lehigh trains used the tracks, and were subject to the control and the rules and regulations, of the defendant; the Lehigh having, however, its own train crews. About 1,000 feet from the station at the bridge there was a switch. Lehigh trains for Buffalo at this point took the track bearing off to the left. Other trains took the right track, leading upon the Michigan Central tracks and across the bridge over Niagara river. At the time of the accident the plaintiff's Lehigh train left the bridge station for Buffalo. As it approached the switch in question, the train took the Buffalo track, and the engine and two cars and the forward truck of the third car passed the switch safely and properly; but the rear trucks of the third car, the last car on the train took the bridge track, and ran out towards the Michigan Central tracks. As a result, the third or rear car was drawn out of shape, was shaken up, and the plaintiff was thrown from the rear platform and injured. For these

injuries this action is brought. There was evidence in the case tending to show that the rear truck of this car did not leave the rails at all, but merely took the bridge track, while the balance of the train, including the front truck of this car, had taken the Buffalo track.

The question, therefore, is, what was the cause of the passage of the rear truck of the car in question to and upon the bridge track? The plaintiff claimed, and we think the jury might have found, that for some reason the switch was changed while the third or rear car was passing over it and before the rear truck came to the switch. The plaintiff gave evidence tending to show that there was no jumping of the wheels over the ties as if they were off the track, there were no prints of the wheels in the ground or upon the ties after the accident occurred, and no marks or scratches on the switch points or car wheels. Evidence was also given tending to show that the car and the rear truck were free from any defects which could have caused the accident. If, then, the switch was changed while the car was passing over it, what was the cause of the change? The plaintiff claims that it moved either by reason of defects in the switch or its appliances, or by reason of the interference of some person having control of the appliances for moving the switch. The switch was controlled from the tower house; the system having been installed within a few hours of the happening of the accident.

At the close of the plaintiff's evidence a motion for a nonsuit was made, and the court then announced:

"I am going to submit the case to the jury upon the single question as to whether the plaintiff has proved, by a preponderance of evidence, that the negligence of the tower man in the operation of this switch caused this accident, and whether the plaintiff has also proved by a fair preponderance of evidence that none of the other possible causes of the accident existed."

This would have precluded the jury from finding that the accident resulted from a defective condition of the switch or its appliances, for which the defendant would have been liable, as well as for the active negligence of the tower man in moving the switch. But after the defendant had given its evidence the court withdrew from the jury the only ground of negligence it had intended to submit, and granted a nonsuit, holding that there was no evidence sufficient to go to the jury that the switch moved while the car was passing over it. In so disposing of the case, however, the court passed upon the credibility of the evidence 'of the man in the tower house and of experts as to the effect and working of the protector bar. We think the jury might find, upon all the evidence, that the cause of the accident was the moving of the switch for some reason while the car was passing, and that this was not a question to be determined by the court.

Counsel have argued this question of fact on the one side and the other. We do not care to go into the matter here. If the jury might find that the switch moved while the car was passing over it, they might find, further, that the defendant was guilty of negligence with reference to it. It was defective in itself, or the appliances for moving it were defective, or the tower man was negligent in operating such appliances, and the accident was so caused. The case should have been submitted to the jury.

Plaintiff's exceptions sustained, and motion for a new trial granted, with costs to the plaintiff to abide the event. All concur, except McLENNAN, P. J., who dissents.